IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PAUL and CATHY DONOHOE;<br>TORIAN DONOHOE; KYLE and<br>ANNA DONOHOE; DAVID and<br>KAYCE ARTHUN; and CASTLE<br>CREEK RANCH L.P.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST<br>SERVICE; FOREST SUPERVISOR<br>MARY ERICKSON; and DISTRICT<br>RANGER KEN COFFIN,<br><br>                    Defendant. | CV 20-137-BLG-SPW<br><br><br>ORDER DENYING MOTION<br>FOR INJUCTION PENDING<br>APPEAL |

Before the Court are Plaintiffs' Motion for an Injunction Pending Appeal
(Doc. 35) and Motion for a Temporary Restraining Order (Doc. 43). Plaintiffs
have appealed this Court's order granting summary judgment for the Defendants
and against the Plaintiffs. (Doc. 31). In that order, the Court determined that (1)
Plaintiffs lacked standing to challenge the bridge project; (2) Defendants did not
violate NEPA in their segmentation of the bridge and trail projects; (3) Defendants
did not improperly scope the trail project under NEPA; (4) Defendants did not
violate NFMA; and (5) the Court lacked jurisdiction over the alleged Endangered

1

Species Act ("ESA") violations because Plaintiffs did not comply with the ESA's pre-suit notice requirements. (Doc. 31 at 28). Plaintiffs now seek an injunction pending appeal under Federal Rule of Civil Procedure 62(d). Also before the Court is Defendants' Motion to Strike portions of Plaintiffs' Reply. (Doc. 40)

## I.    Legal Standard

While an appeal is pending from a final judgment, a district court may grant an injunction on terms that secure the opposing party's rights. Fed. R. Civ. P. 62(d). Courts evaluate motions for an injunction pending appeal using the same standard as a preliminary injunction. *See S.E. Alaska Conserv. Council v. U.S. Army Corps of Eng'rs*, 472 F.3d 1097, 1100 (9th Cir. 2006). To obtain a preliminary injunction, a party must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

While the plaintiff must show the existence of all four elements, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Therefore, the likelihood of success is not an absolute requirement. "Rather, serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support

issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2014) (internal citation omitted).  Serious questions are "substantial, difficult, and doubtful [in their outcome], as to make them fair ground for litigation and thus for more deliberative investigation." *Republic of the Philip. v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988).  However, injunctive relief is "an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24.

## II.    Analysis

Plaintiffs have not met their heavy burden to demonstrate that an injunction is warranted in this case.  First, Plaintiffs have neither demonstrated a likelihood of success on appeal, nor raised substantial questions regarding the merits on appeal. Specifically, Plaintiffs argue they are likely to succeed on appeal, asserting that (1) the Court misapprehended the redressability standards applicable to their challenge to the bridge project; (2) the Court overstated the amount of good faith consultation that occurred in the scoping phase under NEPA; and (3) the Defendants' behavior demonstrated that they understood the ESA violations alleged by the Plaintiffs, making a second notice of intent ("NOI") to sue letter unnecessary.   (Doc. 36 at 3-19).  Plaintiffs assert that the Court could have fashioned some remedy to the bridge project violations, rendering the matter redressable; however, Plaintiffs fail to state what precise relief they request.  Plaintiffs present only circular

3

arguments—just because a court is empowered to grant equitable relief does not change the fact that the injury alleged is not redressable. The bridge project was completed prior to this suit, as the Court stated in its order. The Court cannot conclude that Plaintiffs are likely to succeed on this claim on appeal.

Second, on the scoping question, Plaintiffs have not demonstrated that they are likely either to succeed or to raise serious questions. Plaintiffs continue to assert that the scoping process was improperly executed, and that Defendants did not consider critical issues raised by the Donohoes during scoping, demonstrating bad faith. (Doc. 36 at 17). The Court previously considered and rejected these same arguments. The Court is unpersuaded that its decision was incorrect.

Finally, on the ESA claim, Plaintiffs argue that they did not need to send a second NOI letter because Defendants were aware of the Donohoe's concerns regarding the increased potential of human and livestock contact with grizzly bears. (Doc. 36 at 19). However, these arguments were also previously considered and rejected by the Court. The Court understands Plaintiffs' positions on these issues and their right to appeal this Court's decisions, but the Court cannot conclude that Plaintiffs' arguments have raised significant doubt in the outcome of the appeal. Altogether, the Court finds that this factor cuts against the issuance of an injunction.

To meet their burden under the second *Winter* factor, Plaintiffs must establish that "irreparable harm is likely, not just possible." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Plaintiffs assert that the construction of an "entirely new trail around almost half the circumference of Donohoes' pristine high mountain meadow will cause irreparable harm to Donohoes because they enjoy this area of the Forest for not only its tangible attributes but also for its intangible attributes." (Doc. 44 at 7). Plaintiffs also assert that the character of the meadow will be altered because they will have to fence off the meadow to contain their livestock and erect signage directing the public away from their private land. (Doc. 36 at 22). According to Defendants, the project will not harm the environment to more than a minimal degree, requiring the removal of fewer than 30 downed dead trees, four live trees, brush and saplings, and overhanging branches, as well as the grading of 1,152 feet of trail. (Doc. 37 at 22). Defendants argue that this minimal work will not ruin the pristine or wild character of the area and would not ruin the Plaintiffs' ability to enjoy the area. (Doc. 37 at 2).

The Court finds that this factor narrowly favors the Plaintiffs. The construction of a trail, including grading the trail, tends to constitute irreparable injury—if in fact the Donohoes succeed on appeal. However, the work is minimal, such that the Court is not fully convinced that it would ruin the pristine condition

5

to more than a minimal degree, especially considering the trail is only for non-motorized use. Given the nature of the alleged harm, taken as a whole, the Court finds that the likelihood of irreparable harm slightly supports issuing an injunction.

Finally, when the government is a party, the balance of equities and public interest factors may be merged. *Drakes Bay Oyster Co.*, 747 F.3d at 1092. Plaintiffs assert that the environmental harm and impact to the Donohoe's property outweigh the public benefit from the trail construction. Plaintiffs additionally argue that, under the ESA, the interests of the species take precedence. But Plaintiffs do not present any factual findings supporting their assertions that grizzly bears would be harmed. In order to tip the factors, the harm alleged to the protected species must be more than speculative. *See Native Ecosys. Council v. Krueger*, 40 F. Supp. 3d 1344, 1351 (D. Mont. 2014). Since Plaintiffs have not established such harm, this inference in favor of the injunction is not warranted.

Defendants argue that the trail project substantially benefits the public because it would provide stock users safer access than the current road does, reducing congestion and improving safety, and the connectivity of trail systems would substantially enhance public access and enjoyment. (Doc. 37 at 26-27). Defendants also note that if the project is not completed soon, it may not be completed for some time, given the varying availability of trail crews and project priorities. (Doc. 37 at 29). Additionally, if the project is completed soon, it would

6

make the area more accessible for hunters this fall.  (Doc. 37 at 29).  Here, the impact on non-parties (the public) is wide but shallow.  Many people may benefit from the trail connectivity, but the number of users who will significantly benefit this fall or next spring is likely limited.  On the other hand, as stated previously, Donohoes may suffer irreparable harm in the absence of relief.  Given these competing interests, the Court finds that the balance of the equities weakly favors Plaintiffs.

Balancing all the factors, the Court cannot conclude that Plaintiffs have carried their burden because one factor cuts heavily against granting an injunction and the others only slightly favor granting one.  The first factor, likelihood of success, weighs against granting an injunction.  The second, likelihood of irreparable harm, favors the Plaintiffs.  The final two factors, balancing the equities and considering the public interest, slightly favor Plaintiff.  This is an insufficient showing: to outweigh a weaker showing on one element, another must sharply favor the injunction.  *See Alliance for the Wild Rockies*, 632 F.3d at 1131.  None of the factors sharply favor the Plaintiffs' position.  Even charitably, at best, the factors are balanced.  An injunction is a serious remedy, and Plaintiffs must meet a high standard.  *Winter*, 555 U.S. at 24.  Here, the Court concludes they have not.

7

## III.  Conclusion

For the reasons stated herein, Plaintiffs' Motion for an Injunction Pending Appeal (Doc. 35) is DENIED.  Plaintiffs' Motion for a Temporary Restraining Order (Doc. 43) is DENIED AS MOOT.  Defendants' Motion to Strike (Doc. 40) is likewise DENIED AS MOOT.


DATED this _16th_ day of September, 2022.

SUSAN P. WATTERS
United States District Judge